IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JACK VICTOR MILLER | ) | |
| | ) | |
| v. | ) | NO. 3:17-0791 |
| | ) | |
| KENNETH HURST, et al. | ) | |

TO: Honorable Aleta A. Trauger, District Judge

# REPORT AND RECOMMENDATION

By Order entered July 11, 2017 (Docket Entry No. 6), the Court referred this *pro se* action to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A)( and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending in this action are Plaintiff's "notice of removal and motion to join claims" (Docket Entry No. 35) and Defendants' Joint Motion to Remand or to Strike (Docket Entry No. 38). For the reasons set out below, the undersigned Magistrate Judge respectfully recommends that Plaintiff's motion be denied and Defendants' motion be granted.

## I. BACKGROUND

Jack Victor Miller ("Plaintiff"), a resident of Readyville, Tennessee, filed this *pro se* action on May 3, 2017, against eight defendants – Kenneth Hurst ("Hurst"), Tedd Graves ("Tedd Graves"), Nita Miller Graves ("Nita Graves"), Russell Sims, Sims Records, Lovingood Publishing Company ("Lovingood"), English Music, and Lillibeth Music. Plaintiff seeks declaratory, injunctive, and monetary relief based upon allegations of copyright infringement of original musical works for three songs which he asserts he wrote or co-wrote, created, performed, and recorded: (1) "Ain't Comin' Home;" (2) "Burnin' Rubber (Over All My Burnin' Bridges);" and (3) "Cheater of the Year." Defendants are alleged to be performers, writers, producers, publishers, record labels, and distributors who have infringed upon Plaintiff's legal rights to the musical works.

Defendants Nita Graves, Tedd Graves, and Lovingood (hereinafter referred to collectively as "the Graves Defendants") were served and have defended the lawsuit by filing a motion to dismiss. *See* Docket Entry No. 12. Defendants Hurst and Lillibeth Music (hereinafter referred to collectively as "the Hurst Defendants") were served and have also defended the lawsuit by filing a motion to join the Graves Defendants' motion to dismiss or, alternatively, for summary judgment. *See* Docket Entry No. 21. Defendants Russell Sims, Sims Records, and English Music (hereinafter referred to collectively as "the Sims Defendants") were served but have not had an appearance by counsel entered on their behalf.[1]

The copyright lawsuit brought by Plaintiff does not exist in a vacuum, however, because Defendant Nita Graves also happens to be Plaintiff's sister, and the two siblings have been involved in litigation against each other since at least the 2014 death of their father, Jack Ronald ("J.R.") Miller. The settlement of the estate of J.R. Miller occurred in the Probate Court for Rutherford County, Tennessee ("the Probate Case"). It is unclear whether any matters are still active in the Probate Case. In 2016, Nita Graves filed a civil action against Plaintiff in the Chancery Court for Rutherford County, Tennessee, *Nita Graves v. Jack Victor Miller*, Case No. 16-cv-1768 ("the Chancery Court Case"), bringing several claims against Plaintiff arising from an ongoing dispute over intellectual property that was part of the probate estate. Specifically at issue is who has the legal rights to the domain name "ProfessionalGambler.com" and a related website that had been used by J.R. Miller in his sports betting and handicapping business prior to his death. In the Chancery Court Case, Nita Graves contends that she has the legal rights to this property and that Plaintiff has surreptitiously and wrongfully taken actions to infringe upon these rights and to attempt to gain

---

[1] The spouse of Russell Sims filed an affidavit seeking to represent the Sims Defendants by virtue of a durable power of attorney that Russell Sims had executed. *See* Docket Entry No. 17. By Order entered September 15, 2017, the Court denied this request and granted the Sims Defendants sixty (60) days within which to have an attorney enter an appearance on their behalf and respond to Plaintiff's complaint. *See* Docket Entry No. 24. Neither action has occurred on behalf of the Sims Defendants.

control of the property. The Chancery Court Case is being actively litigated with the parties having engaged in discovery and the filing of dispositive motions.[2]

## II. PROCEDURAL BACKGROUND

Against this backdrop, Plaintiff filed his copyright infringement lawsuit. Both the Graves and the Hurst Defendants (hereinafter referred to collectively as "the Defendants") responded to the lawsuit by filing dispositive motions seeking dismissal of the lawsuit because Plaintiff failed to allege that he had registered copyrights for the works at the time he filed his lawsuit. By a contemporaneously entered Order, the Court granted Plaintiff's motions to amend and supplement his complaint to: (1) add allegations that he has both applied for and received at least one certificate of registration for his works; (2) add an additional claim for conspiracy to convert and (3) add new allegations and claims directed at Nita Graves that are based upon facts arising from the dispute over the domain name "ProfessionalGambler.com" and the related website. The Court denied without prejudice Defendants' motions to dismiss in light of the new amended pleadings. The Court also denied, for lack of any supporting factual allegations, Plaintiff's request to "join" a new copyright claim based on Defendant Nita Graves alleged infringement of "Plaintiff's Collection of Articles on Sports Betting at ProfessionalGambler.com, in violation of the Copyright Act." *See* Docket Entry No. 34.

In addition to the above matter, Plaintiff has filed a "notice of removal and motion to join claims." *See* Docket Entry No. 35. By this filing, Plaintiff seeks to remove the Chancery Court Case to this Court pursuant to 28 U.S.C. §§ 1441, 1446, and 1454, and add all the claims brought by Nita Graves in the Chancery Court Case to the instant lawsuit. *Id*. Essentially, Plaintiff contends that the state law claims brought by Nita Graves in the Chancery Court Case, which concern the domain name and related website for "ProfessionalGambler.com," can be removed to this Court and made a part of the instant case because (1) through his "motion to join claim" he is asserting a copyright

---

[2] In a recent filing, Plaintiff makes a vague reference to "more than a dozen" other lawsuits that Nita Graves has filed against him "in the last five years." *See* Docket Entry No. 45 at 4, n.1.

claim concerning an article on the website related to the domain name "ProfessionalGambler.com," (2) over which the Court has original jurisdiction over copyright claims, and (3) the Court has supplemental jurisdiction over Nita Graves' state court claims under 28 U.S.C. § 1367 because those claims share a common nucleus of facts with the new copyright claim he seeks to add to the instant lawsuit and with the other new claims he seeks to bring against her in his proposed amended complaint. *Id*. at 1-2.

With respect to Plaintiff's attempt to remove the Chancery Court Case to this Court and make it a part of the instant lawsuit, Defendants have filed a motion to strike Plaintiff's filing or, alternatively, to remand the Chancery Court Case to the extent that the Court finds that Plaintiff has actually removed the case. *See* Joint Motion to Strike or Remand (Docket Entry No. 38). Defendants argue that removal is procedurally improper because: 1) Plaintiff cannot "remove" claims in a state court case to an already existing federal case through the mechanism of removal under 28 U.S.C. § 1441; and 2) Plaintiff failed to promptly act to remove the Chancery Court Case within 30 days of being served with the state court pleading that sets forth the claim supporting removal. *See* Memorandum in Support (Docket Entry No. 39) at 3-4. Defendants further argue that Plaintiff waived any right he had to remove the Chancery Court Case because he filed a motion for summary judgment on the merits of the state law claims in the Chancery Court Case. *Id*. at 5. Finally, Defendants point out that Plaintiff does not base removal on the fact that this Court has original jurisdiction over any of the claims brought by Nita Graves in the Chancery Court Case but, instead, seeks removal because Nita Graves' state court claims share underlying facts with the new copyright claim that he seeks to add as a claim in the instant lawsuit. *Id*. at 4. Defendants also seek an award of attorneys' fees because of expenses they incurred as a result of Plaintiff's defective removal. *See* Docket Entry No. 38.

Plaintiff has expounded on his arguments for removal in an additional filing. *See* Docket Entry No. 43.

# III. ANALYSIS[3]

Plaintiff's motion to join claims and notice of removal (Docket Entry No. 35) should be denied to the extent that it has been filed as a motion. Plaintiff's attempt to remove the Chancery Court Case to this Court suffers from both procedural defects and legal deficiencies that negate any removal of the Chancery Court case. In reviewing Defendants' objections to removal and motion for remand, all questions of fact and ambiguities in the law will be resolved in favor of Defendants as the non-removing party. *See Coyne v. American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999).

Procedurally, there is no indication from Plaintiff that he has given the required notice to the state court in compliance with 28 U.S.C. § 1446(d). Further, 28 U.S.C. § 1446(b) provides for a 30-day window after service of the pleading or amended pleading in the state court case within which the state court defendant can file a notice of removal. Plaintiff's removal notice was filed well beyond this 30-day window. Although Plaintiff correctly notes that 28 U.S.C. § 1454(b)(2) modifies this 30-day window for removal of a state case in which a party asserts a copyright claim, this provision does negate the time limit for removal under Section 1454, an argument advanced by Plaintiff.[4] *See Univ. of Kentucky Research Found., Inc. v. Niadyne, Inc.*, 2013 WL 5943921 at **10-11 (E.D. Ky. Nov. 5, 2013). Indeed, Section 1454(b)(2) clearly states that the 30-day time limit is only extended "for cause shown." This is not a meaningless requirement and is one that Plaintiff has not even attempted to meet. *See Univ. Of Kentucky Research Found.*, 2013 WL 5943921 at *11.

As to the substantive merits of removal, Plaintiff, as the removing party, has the burden of establishing original federal jurisdiction. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000); *B & B Enters. of Wilson Cnty., LLC v. City of Lebanon*, 422 F. Supp. 2d 903, 904-05 (M.D. Tenn. 2006). He has not met this burden. Plaintiff cannot use the mechanism of removal as

---

[3] Although it is certainly not clear whether an effective removal has occurred and whether there is actually a case to remand, out of the abundance of caution, the undersigned has addressed the issue via a report and recommendation because motions for remand fall into the category of motions for which a Magistrate Judge must issue a report and recommendation. *Vogel v. U.S. Office Prod. Co.*, 258 F.3d 509, 517 (6th Cir. 2001).

[4] *See* Docket Entry No. 43 at 2

a means to merge claims pending against him in a state court action into a federal case that he has already filed and that is currently pending. Removed case are simply not merged into existing federal cases. This truism logically follows from the fact that removal is, at its core, simply a change in the jurisdictional forum of an existing case from state to federal. Indeed, it is well settled that the grounds for removal of an action may be based only on the face of the underlying state court complaint for which removal is sought. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987); *Collins v. Blue Cross Blue Shield of Mich.*, 103 F.3d 35, 36–38 (6th Cir. 1996). Plaintiff's contention that he can remove the Chancery Court Case to this Court as part of the instant lawsuit based upon the nature of the claims he has raised or attempted to raise in the instant lawsuit is simply mistaken.

Plaintiff has not met his burden of showing that any of the claims brought against him by Nita Miller in the Chancery Court Case are claims over which this Court would have original federal question jurisdiction.[5] This requires Plaintiff to show that Nita Miller's state court claims could have originally been filed in federal court because they arose under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. *See Caterpillar Inc.*, 482 U.S. at 392; *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 758 (6th Cir. 2000). Plaintiff has not satisfied this requirement. In fact, Plaintiff implicitly acknowledges that Nita Miller's claims in the Chancery Court Case are matters of state law claims over which original jurisdiction does not exist by making the assertion that the Court should exercise supplemental jurisdiction over these claims under 28 U.S.C. § 1367(a). *See* Docket Entry No. 35 at 2.

Plaintiff's attempt to remove the Chancery Court Case is both technically and substantively deficient and fails to confer to this Court jurisdiction over the Chancery Court Case. Section 1447(c) of Title 28 requires that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Accordingly, Defendants' motion to remand

---

[5] Plaintiff does not contend that removal is supported by diversity jurisdiction.

(Docket Entry No. 38) should be granted and the Chancery Court Case should be summarily remanded back to the state court from which it was removed.

## RECOMMENDATION

Based on the foregoing, the undersigned respectfully RECOMMENDS that Plaintiff's "notice of removal and motion to join claims" (Docket Entry No. 35) be DENIED and Defendants' Joint Motion to Remand or to Strike (Docket Entry No. 38) be GRANTED.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The Clerk is directed to send a copy of this Report and Recommendation to Plaintiff by both certified mail, return receipt requested, and by regular, first class mail.

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge

7