IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JACK VICTOR MILLER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:17-cv-0791 |
| | ) Judge Aleta A. Trauger |
| KENNETH "KENNY" HURST, et al., | ) ) |
| Defendants. | ) |

## ORDER

Before the court is the plaintiff's "Motion to Alter or Amend Order on Motion to Remand (Docket No. 57) and Motion to Dismiss Removed Claims for Lack of Subject Matter Jurisdiction." (Doc. No. 58.) In this motion, the plaintiff seeks reconsideration of the Order ("March 12 Order") (Doc. No. 57) accepting the magistrate judge's Report and Recommendation ("R&R") (Doc. No. 48), granting the defendants' Joint Motion to Remand or Strike (Doc. No. 38), and, "to the extent that the plaintiff has removed state claims from the Chancery Court for Rutherford County, Tennessee," remanding those claims. (Doc. No. 57, at 1.) The plaintiff also seeks dismissal of the same claims the plaintiff previously attempted to remove to this court. (Doc. No. 58.)

In his motion, the plaintiff invokes Rule 59(e) and expressly purports to seek reconsideration of the court's prior ruling on the basis of "an intervening change in controlling law" and "to correct clear error or prevent manifest injustice."[1] (Doc. No. 58, at 7.) He raises a

---

[1] The March 12 Order also denied the plaintiff's request to extend the deadline for filing objections to the R&R. (See Doc. No. 57, at 1.) The plaintiff does not now expressly object to that portion of the Order, but his Motion to Alter or Amend effectively functions as belated objections to the R&R.

new argument that was not addressed in his original Notice of Removal and Motion to Join or in his response to the defendants' Motion to Strike: that the Chancery Court for Rutherford County lacks jurisdiction over the claims asserted against the plaintiff in that court (where he is named as the defendant) and, therefore, that this court must either dismiss the claims altogether or remand them to the Tennessee Court of Appeals rather than to the Chancery Court.

The court rejects the plaintiff's arguments as utterly without merit and largely beside the point. Because the claims—to the extent they were removed at all—have already been remanded to the state court as the result of the court's March 12 order, they are no longer lodged in this court. Consequently, this court lacks jurisdiction over those claims even for purposes of dismissing them or "remanding" them to some other court. Moreover, the plaintiff has not shown that his legal arguments are based on an intervening change in controlling law—he cites to a Supreme Court case from 1922, a 1975 Sixth Circuit case, and a 2015 Tennessee Court of Appeals case in support of his argument. Nor is reconsideration necessary to correct a clear error of law or prevent manifest injustice. The purported "error" is not clear at all, and, if the plaintiff believes that the Chancery Court lacks jurisdiction over the claims that have been pending there for more than two years, the plaintiff must raise that argument in the Chancery Court.

The Motion to Alter or Amend (Doc. No. 58) is **DENIED**.

Further, although the March 12 Order did not expressly reference the plaintiff's Notice of Removal and Motion to Join Claims (Doc. No. 35) by docket number, the Order, by accepting the R&R in its entirety and remanding the removed claims, had the effect of denying as moot the plaintiff's attempt to join the removed claims to this lawsuit. For clarification of the record, the court hereby **DENIES AS MOOT** the Motion to Join Claims (Doc. No. 35), the subject claims having been remanded. The Clerk is **DIRECTED** to **TERMINATE** that motion.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge