# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| JACK VICTOR MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:17-cv-00791 |
| | ) | Judge Aleta A. Trauger |
| KENNETH HURST et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM and ORDER

Before the court are two Motions for Attorney's Fees, one filed by defendants Kenneth Hurst and Lillibeth Music (the "Hurst defendants") (Doc. No. 145) and the other filed by defendants Nita Miller Graves, Tedd Graves, and Lovingood Publishing Company (the "Graves defendants") (Doc. No. 146). For the reasons set forth herein the Graves defendants' motion will be granted in part, and the court will defer ruling on the Hurst defendants' motion.

## I. PROCEDURAL BACKGROUND

As summarized in the court's September 2020 Memorandum overruling the plaintiff's Objections and accepting the Magistrate Judge's recommendation that this case be dismissed in its entirety, this lawsuit, pending since 2017, has a long and somewhat torturous history, the whole of which the court will not reiterate here. *See Miller v. Hurst*, No. 3:17-cv-00791, 2020 WL 5757907, at *1 (M.D. Tenn. Sept. 28, 2020). As of the date the Magistrate Judge issued her Report and Recommendation, the operative pleading was the plaintiff's Verified Second Amended Complaint ("SAC") (Doc. No. 92), which asserted copyright-related claims, including copyright infringement, fraud on the U.S. Copyright Office ("Copyright Office"), and copyright conspiracy; trademark-related claims, including trademark infringement, unfair competition, and

cybersquatting in violation of the Lanham Act and the Anticybersquatting Consumer Protection Act ("ACPA"); and a violation of the Computer Fraud and Abuse Act. The Graves and Hurst defendants jointly filed a Motion to Dismiss and, in the alternative, for Summary Judgment. The Magistrate Judge, treating it as a Rule 12(b)(6) motion, recommended that the plaintiff's copyright infringement claims be dismissed without prejudice, as there was no dispute that the plaintiff had not actually completed copyright registrations for the allegedly infringed works until after he filed suit (if at all), and that all other claims asserted in the SAC be dismissed with prejudice. The court accepted the Report and Recommendation, with minor modifications, and dismissed the copyright infringement claims without prejudice and the other claims with prejudice. Judgment was entered on September 28, 2020.

The defendants' Motions for Attorney's Fees (Doc. Nos. 145, 146) were filed on October 28, 2020. The Graves' defendants' motion is supported by a Memorandum of Law and the Declaration of Amy J. Everhart, the Graves defendants' lead attorney. (Doc. Nos. 147, 148.) The defendants generally assert that they are entitled, as prevailing parties, to fees under the Copyright Act, 17 U.S.C. § 505, and the Lanham Act, 15 U.S.C. § 1117(a). The defendants contend that the plaintiff's claims were objectively unfounded when filed and that the plaintiff nonetheless pursued them in bad faith for the purpose of harassment, forum shopping, and pressuring his sister, defendant Nita Miller Graves, to dismiss the pending state law claims against the plaintiff.

The plaintiff filed "Objections" and a "Supplemental Memorandum to Support Objections" (hereinafter, "Supplemental Objections") to the defendants' motions, along with his own Declaration. (Doc. Nos. 149, 150, 151.) The plaintiff denies pursuing his claims in bad faith, continues to maintain that he was wronged by the defendants, and points out that his copyright infringement claims were dismissed without prejudice, with no adjudication of the merits of those

claims. He argues that this case does not qualify as "exceptional," for purposes of a fee award under the Lanham Act. He also protests that he does not have funds to pay the defendants' attorney's fees.

Procedurally, he contends that the motions are untimely, having been filed thirty days after entry of Judgment. He also objects to the reasonableness of the defendants' requests for fees, asserting that the Graves defendants' submission fails to "differentiate between [their attorneys'] work on the state case and [their] work on this case" and that the Hurst defendants failed to submit a memorandum or a detailed list of charges. (Doc. No. 149, at 6–7.)

## II.    LEGAL STANDARDS

### A.    Copyright Act

The Copyright Act permits an award of "reasonable attorney's fees to the prevailing party" in a copyright infringement case. 17 U.S.C. § 505; *Balsley v. LFP, Inc.*, 691 F.3d 747, 772–73 (6th Cir. 2012); Fed. R. Civ. P. 54(d)(2)(B)(ii). In such cases, "[t]he grant of fees and costs 'is the rule rather than the exception and they should be awarded routinely." *Balsley*, 691 F.3d at 773 (quoting *Bridgeport Music, Inc. v. WB Music Corp.*, 520 F.3d 588, 592 (6th Cir. 2008)). However, the decision to grant attorney's fees remains within the trial court's discretion. *Id.* (citing 17 U.S.C. § 505; *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994)).

The Sixth Circuit prescribes consideration of four non-exclusive facts to guide the district courts' exercise of their discretion in deciding whether to award fees in a copyright case, including "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case)[,] and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* (quoting *Bridgeport Music*, 520 F.3d at 592). "[O]ther than being a prevailing party under the Copyright Act, . . . no factor is a necessary condition." *Bridgeport Music*, 520 F.3d

at 593. However, while all of these factors remain relevant, the Supreme Court has stated that fee awards under the Copyright Act "should encourage the types of lawsuits that promote" the Copyright Act's goals of "encouraging and rewarding authors' creations while also enabling others to build on that work" and, therefore, that "substantial weight" should be given to "the objective (un)reasonableness of [the] losing party's litigating position." *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1986 (2016).

**B.     Lanham Act**

The Lanham Act grants courts the discretion to award attorney's fees to prevailing parties "in exceptional cases" brought under the Act. 15 U.S.C. § 1117(a). Although the statute does not define "exceptional," the Supreme Court has construed the term "in accordance with [its] ordinary meaning" to signify "'uncommon,' 'rare,' or 'not ordinary.'" *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 553 (2014) (citation omitted). Thus, "[a]n 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Id.* at 554 (construing the "identical fee-shifting provision" in the Patent Act, 35 U.S.C. § 285); *Evoqua Water Techs., LLC v. M.W. Watermark, LLC*, 940 F.3d 222, 235 (6th Cir. 2019) (applying *Octane Fitness*'s definition of "exceptional" in the Lanham Act context), *cert. denied*, 140 S. Ct. 2762 (2020). District courts "determine whether a case is exceptional in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Evoqua Water Techs.*, 940 F.3d at 235 (citation omitted).

### III. DISCUSSION

#### A. Whether a Fee Award Is Warranted Under the Copyright Act

The court notes, as an initial matter, that the defendants' motions are not untimely. Although Rule 54(d)(2)(B) prescribes a fourteen-day deadline following entry of judgment for seeking attorney's fees, the Rule itself provides that it applies unless "a statute or court order provides otherwise." *Id.* In this district, the current version of Local Rules has been adopted by court order. *See In re: Amendments to Local Rules*, Admin, Order No. 199-2 (M.D. Tenn. Feb. 3, 2020). The Local Rule pertaining to attorney's fee motions supplants the deadline imposed by the Federal Rules of Civil Procedure, and it authorizes the filing of such motions within thirty days from the entry of final judgment. L.R. 54.01(b)(1). The defendants' motions were timely under that rule.

Second, the court rejects the plaintiff's contention that, due to the dismissal of his copyright infringement claims without prejudice, the defendants are not actually "prevailing parties," as required for an award of fees arising from the copyright-related claims. The plaintiff here failed to show that he registered or preregistered copyrights prior to filing suit and therefore could not make out a *prima facie* case of copyright infringement, as a result of which the defendants are clearly the prevailing parties. *Accord Compass Homes, Inc. v. Heritage Custom Homes, LLC*, No. 2:13-CV-779, 2015 WL 4639654, at *5 (S.D. Ohio Aug. 3, 2015) (awarding fees to the defendant where the plaintiff could not show a valid copyright registration and, therefore, his Copyright Act claims were objectively unreasonable); *see also Nat'l Bus. Dev. Servs., Inc. v. Am. Credit Educ. & Consulting Inc.*, 299 F. App'x 509, 513 (6th Cir. 2008) (affirming fees where the plaintiff "filed a complaint with no genuine idea as to whether a claim existed and, in failing to obtain the deposit materials, had exhibited a general indifference to the merits of the claim") (internal quotation

marks omitted); *Coles v. Wonder*, 283 F.3d 798, 803 (6th Cir. 2002) (affirming a fee award in favor of the defendant and the district court's finding of objective unreasonableness where the plaintiff did not meet the deposit requirement and thus could not prove a valid copyright registration as part of his *prima facie* case). In addition, the plaintiff's other copyright-related claims for "conspiracy to convert" and "fraud on the Copyright Office" were dismissed with prejudice.

As to the merits of the fee motions, the court accords substantial weight to the objective unreasonableness of the plaintiff's position. From the time the defendants filed their first round of Motions to Dismiss (Doc. Nos. 12, 15) on August 21, 2017, seeking dismissal of the original Complaint, the plaintiff was placed on notice that "[r]egistration or preregistration of a copyrighted work with the U.S. Copyright Office is a prerequisite to filing a federal suit for copyright infringement of that work." (Doc. No. 13, at 2 (citing 17 U.S.C. § 411(a)).) Even if the plaintiff was not then inclined to take the defendants' word for it, the Magistrate Judge's Order granting the plaintiff leave to amend his Complaint unambiguously stated that, but for the new claims set forth in the proposed amended pleading, the Magistrate Judge would have recommended dismissal of the original Complaint and the copyright infringement claims therein. In pertinent part, the Order stated:

> Plaintiff's complaint, as originally filed, was clearly subject to dismissal . . . because Plaintiff failed to allege in his complaint that he had a registered copyright for his three works. Furthermore, the allegation in the proposed amended complaint that he had made applications for registrations of the works would not have been sufficient to save his copyright claim from dismissal. . . . Were this all that was before the Court, the undersigned would recommend dismissal of this lawsuit.

(Doc. No. 47, at 2 (citing *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 166 (2010); *Specific Software Sols., LLC v. Inst. of Workcomp Advisor, LLC*, 615 F. Supp. 2d 708 (M.D. Tenn. 2009)).)

Following entry of that Order and the filing of the First Amended Complaint, the defendants promptly filed a joint Motion to Dismiss that pleading. Like their first Motions to Dismiss, this motion argued that the plaintiff's copyright infringement claims were subject to dismissal for failure to plead compliance with the requirement that he preregister or register the allegedly infringed works prior to filing suit. (Doc. No. 50.) Rather than voluntarily dismissing the claims, the plaintiff responded by continuing to try to amend the Complaint. In February 2019, while disposing of a number of other motions as well, the Magistrate Judge described the plaintiff's pleadings as of that date as "an ever changing vehicle," but she nonetheless granted the plaintiff's request for leave to file his "Verified Second Amended Complaint," one of three different variations of his pleading he had filed or attempted to file *after* he had been granted leave to file the first Amended Complaint. (Doc. No. 91, at 2.) The Magistrate Judge acknowledged that the defendants "vigorously oppose[d]" the motion to amend, in part based on their argument that nothing in the proposed amendment "would save the Plaintiff's copyright claims from dismissal." (*Id.* at 4.) The Magistrate Judge nonetheless permitted the filing, giving the *pro se* plaintiff every benefit of the doubt and finding that the proposed Verified Second Amended Complaint "adds new allegations and a slightly different theory as to two of the works at issue in his copyright claim" (*id.*)—notably, claims of conspiracy to "infringe and convert" and "fraud on the Copyright Office" (*see* Doc. No. 92, at 9, 16). The Magistrate Judge denied as moot, but without prejudice, the defendants' then-pending joint Motion to Dismiss (Doc. No. 50).

Within a few weeks after entry of that Order, the defendants sought dismissal of the Verified Second Amended Complaint, arguing, again, that the registration requirement was not met and adding that the new claims were preempted by the Copyright Act. (Doc. Nos. 94, 95.) In August 2019, the Magistrate Judge terminated that motion without ruling on it when the case as a

whole was stayed pending final resolution of a parallel state court proceeding. (Doc. No. 117.) The defendants' dismissal motions were refiled in October and November 2019, after the stay was lifted. Those motions, finally, resulted in dismissal of the copyright claims—primarily for the same reason identified in their very first motion to dismiss the original Complaint two years earlier.

The plaintiff's copyright infringement claims were objectively baseless from the outset as a result of the plaintiffs' failure to register the copyrights prior to filing suit, and the related claims for conspiracy to convert and fraud on the Copyright Office were clearly preempted. Moreover, as established by the history related above—which is substantially abbreviated—the plaintiff's continued pursuit of the copyright infringement claims for literally years after having been placed on notice of the registration requirement made them frivolous, and the continued amendments and the addition of new claims in an attempt to circumvent that requirement was objectively unreasonable. These factors—objective unreasonableness and frivolousness—weigh strongly in favor of awarding attorney's fees to the defendants.

The defendants argue that the plaintiff's motivation in pursuing the claims was simply to harass defendant Nita Miller Graves, the plaintiff's sister. In that regard, the court notes only that there appears to be plenty of bitterness and vindictiveness on both sides of the aisle. Because the copyright infringement claims were dismissed without prejudice, the court will not speculate as to the ultimate merit of the plaintiff's position or as to his motivation in pursuing the claims. This factor is neutral.

Finally, regarding the "advance considerations of compensation and deterrence," *Bridgeport Music*, 520 F.3d at 588, the defendants argue that, in light of the plaintiff's relentless pursuit of meritless and frivolous motions, turning "a simple copyright infringement claim into a procedurally complex multi-year case over claims already at issue in another forum [and] using

the forum of this Court to publicly air his personal grievances against his sister and others," fees should be awarded against the plaintiff to deter him from further abuses of this and other courts. (Doc. No. 147, at 9.) In his Objections and Supplemental Objections, the plaintiff asserts that the defendants "egregiously stole valuable intellectual property" from him (Doc. No. 149, at 1), denies acting in bad faith, and protests that he should not be penalized for being unable to afford an attorney. He also denies allegations of forum shopping, pointing out that he was the defendant in the state court action(s) and that he could not bring claims of copyright infringement in state court. The court finds, nonetheless, that the deterrence factor, too, weighs in favor of awarding the defendants attorney's fees. Certainly, the plaintiff cannot be faulted for proceeding *pro se*, but his litigation tactics undoubtedly led to a substantial increase in the cost and complexity of this case. Moreover, an award of attorney's fees may deter in the future such behavior as the prolonged and continued pursuit of facially invalid claims.

An ability—or lack thereof—to pay a fee award is not one of the factors specifically identified in determining whether to award fees under the Copyright Act. However, the Sixth Circuit has directed district courts, at least in some contexts, to "afford the pleadings submitted by a *pro se* plaintiff some leniency when determining whether attorney fees in favor of the defendant are warranted." *Williams v. City of Southfield*, 99 F. App'x 44, 46 (6th Cir. 2004) (affirming the denial of the defendant's motion for attorney's fees under 42 U.S.C. § 1988(b) following the dismissal of the plaintiff's civil rights complaint under Rule 12(b)(6) (citing *Hughes v. Rowe*, 449 U.S. 5, 15–16 (1980))); *see also Deutsche Bank Nat'l Tr. Co. v. Wolf*, No. 1:15-CV-814, 2016 WL 1690697, at *1 (S.D. Ohio Apr. 26, 2016) (denying plaintiff's motion for fees under 28 U.S.C. § 1447(c), despite granting its motion to remand to state court, citing *Williams*). The Sixth Circuit has also recognized that "a district court may consider whether, *given the relative financial*

*resources of the parties*, an award of fees would encourage or discourage the bringing of objectively reasonable claims and defenses, deter infringement, and aid in demarcating the boundaries of copyright law." *Bridgeport Music, Inc. v. Sony Music Entm't, Inc.*, 114 F. App'x. 645, 652–53 (6th Cir. 2004) (emphasis added); *see also Bridgeport Music, Inc. v. WB Music Corp.*, 520 F.3d at 595 n.5 (acknowledging that the district court "can consider the parties' relative ability to pay attorneys' fees and costs" as part of the attorney's fee analysis).

However, as stated above, an award of fees to prevailing parties in copyright infringement cases is "the rule rather than the exception," *Balsley*, 691 F.3d at 773, and "[p]revailing plaintiffs and prevailing defendants are to be treated alike," *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994). It is clear under the statute and based on consideration of the relevant factors that the court may exercise its discretion to award fees in this case. Further, the court finds that consideration of the plaintiff's ability to pay should be taken into consideration in the determination of the *amount* of the fee to be awarded, rather than in determining *whether* a fee award is warranted at all, as discussed below.

### B.      Fees Under the Lanham Act

While fees under the Copyright Act should generally be awarded to the prevailing party as a matter of course, fees under the Lanham Act are awarded only in "exceptional cases." 15 U.S.C. § 1117(a). The Graves defendants argue that the Lanham Act claims were objectively unfounded at the time the case was brought, that the plaintiff pursued the claims in bad faith, and that his conduct in doing so was subjectively unreasonable, vexatious, and oppressive. (Doc. No. 147, at 8 (citing *Eagles, Ltd. v. Am. Eagle Found.*, 356 F.3d 724, 729 (6th Cir. 2004)).) As indicated above, a case is "exceptional" if it "stands out from others with respect to the substantive strength of a

party's litigating position . . . *or the unreasonable manner in which the case was litigated.*" *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014) (emphasis added).[1]

The court finds this case to be exceptional. First, although this factor, standing alone, is not dispositive, the plaintiff's claims under the Lanham Act were objectively unfounded at the time they were brought, as established by the fact that they were dismissed on a Rule 12(b)(6) motion. More importantly, under *Octane Fitness*, a review of the record as a whole establishes that, irrespective of his subjective good or bad faith, the plaintiff's conduct in this case was objectively unreasonable, even if the plaintiff is accorded substantial leniency as a *pro se* litigant. The case had been pending for more than three years when the Magistrate Judge entered the Report and Recommendation recommending that the defendants' Rule 12(b)(6) motions be granted. Prior to that, the Magistrate Judge never even had the opportunity to conduct a case management conference or enter a scheduling order, and none of the defendants filed an Answer, as the parties were continuously embroiled in litigating largely unsupported, confusing, premature, or otherwise inappropriate motions filed by the *pro se* plaintiff. The defendants filed and refiled multiple motions to dismiss that were rendered moot or superseded by the plaintiff's successive and overlapping requests to amend his Complaint in ultimately futile attempts to avoid dismissal, further multiplying the defendants' attorney's fees. It is extraordinary for a case to be pending for more than three years and not even have progressed past the pleadings stage, and the fault for the failure of the case to progress lies almost entirely upon the plaintiff. [2]

---

[1] *Eagles, Ltd.* was abrogated by *Octane Fitness*, in which the Supreme Court adopted a more flexible and less restrictive standard for determining whether a case was "exceptional," as the Sixth Circuit implicitly recognized in *Evoqua Water Techs., LLC v. M.W. Watermark, LLC*, 940 F.3d 222, 235 (6th Cir. 2019), *cert. denied*, 140 S. Ct. 2762 (2020).

[2] To be fair, the defendants bear some responsibility for running up their own costs, as they at times unnecessarily opposed routine motions for extensions of deadlines filed by the plaintiff

### C.    The Hurst Defendants' Motion

The court finds that it is appropriate to award attorney's fees to the Hurst defendants, but the Hurst defendant's Motion for Attorney's Fees is not appropriately supported. In this district, an application for fees must be supported by the affidavit of counsel "setting out in detail the number of hours spent on each aspect of the case, the rate customarily charged by counsel for such work, the prevailing rate charged in the community for similar services, and any other factors that the Court should consider in making the award." L.R. 54.01(c). Counsel for the Hurst defendants did not comply with this rule.

Instead, the Hurst defendants' Motion for Attorney's Fees simply requests $17,400 in attorney's fees, which, according to their motion, was "calculated by multiplying the total number of hours expended by the attorney signing [their] motion multiplied by his standard litigation rate of $1000 per hour."[3] (Doc. No. 145, at 3.) The Hurst defendants state that they stand "prepared to offer proof of these expenditure[s] in the form of invoices and time entries upon this Court's request" (*id.*), but they did not offer such proof with the motion.

In light of that failure, even though the court finds that a fee award is warranted, the court cannot award a specific amount of fees. Accordingly, the court will defer ruling on this motion and direct the Hurst defendants to submit the affidavit (or declaration) of counsel in compliance with Local Rule 54.01(c) within seven days of entry of this Order.

---

and have devoted a significant amount of paper to *ad hominem* attacks rather than focusing on the merits (or lack thereof) of the plaintiff's claims and arguments.

[3] The court notes that this hourly rate appears to be well outside the prevailing range of rates charged in this community by lawyers of comparable experience for similar legal services.

**D.      The Graves Defendants' Motion**

The court finds that the Graves defendants are entitled to an award of attorney's fees in connection with their work defending against the plaintiff's Copyright Act and Lanham Act claims. In addition to those claims, the plaintiff also asserted a claim under the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030, which does not expressly authorize fee shifting. A party entitled to attorney's fees as a prevailing party only on a particular claim may not also recover them for other claims in the same lawsuit, unless they are "related claims." *See Hensley v. Eckerhart*, 461 U.S. 424, 434–35 (1983). That is, the defendants may also recover fees incurred in defending against a claim for which there is no statutory basis for fee-shifting if that claim "involve[d] a common core of facts or [was] based on related legal theories." *Traditional Cat Ass'n v. Gilbreath*, 340 F.3d 829, 833 (9th Cir. 2003).

The court finds that the CFAA claim, which apparently occupied little time or attention, is related to the plaintiff's claims under the Lanham Act, as it arose from a common core of alleged facts: Nita Miller Graves' allegedly unauthorized use of the plaintiff's website and trademark. Because the plaintiff's CFAA claim is related to, and arose from the same alleged set of facts as, the claims under the Lanham Act and, particularly, the Anticybersquatting Consumer Protection Act, the Graves defendants may recover costs and attorney's fees associated with the defense of the CFAA claim as well. *Accord Dice Corp. v. Bold Techs. Ltd.*, No. 11-CV-13578, 2014 WL 2763618, at *21 (E.D. Mich. June 18, 2014) (permitting recovery of fees incurred by the defendant in connection with defending against the plaintiff's CFAA claims as "related" to the plaintiff's Copyright Act claims).

Finding that an award of fees is appropriate, the court must arrive at a reasonable *amount* of fees to award. *Bldg. Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*,

46 F.3d 1392, 1400 (6th Cir. 1995); *see also* 17 U.S.C. § 505 and 15 U.S.C. § 1117(a) (both authorizing an award of "reasonable" attorney's fees to the prevailing party). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). This two-step calculation, known as the "lodestar" amount, provides an "initial estimate of the value of a lawyer's services." *Id.* However, "[t]he product of reasonable hours times a reasonable rate does not end the inquiry." *Id.* at 434. After determining the lodestar amount, the court may adjust the fee upward or downward "to reflect relevant considerations peculiar to the subject litigation." *Adcock–Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000). However, "trial courts need not, and should not, become green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 838 (2011). "The essential goal in shifting fees is to do rough justice, not to achieve auditing perfection." *Id.* Therefore, "trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Id.*

The Graves defendants' motion is supported by the Declaration of Amy J. Everhart, attached to which is a billing statement, drawn from Everhart's firm's billing records, describing and quantifying Everhart's and her associates' time devoted to the defense of the action. (Doc. No. 148, 148-1.) Everhart attests that her billing rate and that of her associate Deanna Cooper (who graduated from law school in 2006) and outside counsel Jennifer Lawson (who has practiced law since 1991) of $300 per hour is reasonable and consistent with the prevailing rates charged in this community by lawyers of comparable experience for similar legal services. (Doc. No. 148 ¶¶ 5–7.) Similarly, she attests that the rate of $75 for her paralegal is reasonable and consistent with prevailing rates charged in the community for similar services. The total number of hours expended by all four professionals is 164.40, and the total amount of fees sought is $48,555.

The plaintiff states in his verified Supplemental Objections[4] that he could not pay fees if ordered to do so, that his gross income is currently less than $1,500 per month, that he has plans to return to school full time, and that he is largely dependent upon his domestic partner for his basic needs. (Doc. No. 150, at 11–12.) He asserts that he would be forced to declare bankruptcy if ordered to pay fees. (*Id.* at 12.) He also objects to the reasonableness of the fees sought. In that regard, he argues that the Graves defendants "should not have opposed [his] removal motion," because the consolidation of the state and federal cases would have saved time and money for everyone; that Ms. Everhart "does not differentiate between her work on the state case and her work on this case"; and that he should not be penalized for making mistakes and not knowing the law. (Doc. No. 149, at 6.)

Most of the plaintiff's Objections lack support. The billing records attached to Everhart's Declaration are sufficiently detailed to make it clear that the work for which fees are sought was performed in connection with this case and not in any related state litigation. (*See generally* Doc. No. 148-1.) The plaintiff does not point to any specific entries in Everhart's firm's billing records that are unjustified or unreasonable or that concern work on the state-court litigation. The plaintiff's attempt to remove the state court case to this court was without any legal basis, so the defendants' opposition was completely justified.

In light of the trajectory of this case, the length of time it has been pending, and the work performed, the court finds that 164.40 hours devoted to it is not unreasonable, and that the hourly rates for the professionals involved is within the range customarily charged in this community by attorneys with similar levels of experience for performing similar work. Nonetheless, in the

---

[4] The Supplemental Objections are not signed under penalty of perjury, but the plaintiff attests in his Declaration, which is signed under penalty of perjury, that the information contained in the Supplemental Objections is true and correct. (Doc. No. 151 ¶ 1.)

exercise of its discretion, the court will adjust the lodestar amount downward "to reflect relevant considerations peculiar to [this] litigation," *Adcock–Ladd*, 227 F.3d at 349, namely, the plaintiff's *pro se* status and his demonstrated inability to pay the full amount of fees sought. In light of these considerations and based upon the totality of the record, the court will reduce the fee award by one-third, for a total fee award of $32,400.

## IV.     CONCLUSION AND ORDER

The Graves defendants' Motion for Attorney's Fees (Doc. No. 146) is **GRANTED IN PART**, and the court **AWARDS** fees in their favor and against the plaintiff in the amount of **$32,400**.

The court **DEFERS** ruling on the Hurst defendants' Motion for Attorney's Fees. (Doc. No. 145.) Counsel for the Hurst defendants is **DIRECTED** to file a declaration or affidavit that complies with Local Rule 54.01(c) within **FOURTEEN** days of entry of this Order. The plaintiff shall have **FOURTEEN** days after that filing to submit a *brief* response addressed to the reasonableness of the fees sought.

It is so **ORDERED**.

ALETA A. TRAUGER
United States District Judge