## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| **JACK VICTOR MILLER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:17-cv-0791** |
| | ) | **Judge Aleta A. Trauger** |
| **KENNETH "KENNY" HURST, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

Before the court are (1) the plaintiff's Motion for Reconsideration "under Rule 59 and/or Rule 60" (Doc. No. 154) ("first Motion for Reconsideration"), seeking reconsideration of the March 8, 2021 Order granting in part the Motion for Attorney's Fees filed by defendants Nita Miller Graves, Tedd Graves, and Lovingood Publishing Company (the "Graves defendants") and deferring ruling on the Motion for Attorney's Fees filed by defendants Kenneth "Kenny" Hurst and Lillibeth Music (the "Hurst defendants"); (2) the Hurst defendants' Motion for Attorney's Fees (Doc. No. 145), now supported by the Declaration of attorney Barry Neil Shrum (Doc. No. 153); and (3) plaintiff Jack Victor Miller's Rule 60(b)(2) Motion for Relief from Final Judgment and Objections to Mr. Shrum's Fee Motion ("Rule 60(b)(2) Motion") (Doc. No. 157), supported by the plaintiff's Declaration (Doc. No. 156).

As set forth below, the court will grant the Motion for Attorney's Fees, though not in the amount sought. The plaintiff's first Motion for Reconsideration and Rule 60(b)(2) Motion will both be denied in their entirety.

## I.     BACKGROUND

The Hurst defendants' Motion for Attorney's Fees was filed on October 28, 2020, the same day as a parallel attorney's fee motion was filed by counsel for the Graves defendants in this case. The court entered a Memorandum and Order on March 8, 2021, ruling on the Graves defendants' motion and awarding fees in a specific sum but deferring ruling on the Hurst defendants' motion. (Doc. No. 152, at 12, 16.) The court specifically found that it was appropriate to award attorney's fees to the Hurst defendants under the applicable standards, but it also concluded that the Hurst defendants' motion was not properly supported by the affidavit of counsel as required by Local Rule 54.01(c). The court directed counsel for the Hurst defendants to file a declaration or affidavit in accordance with the Local Rule and gave the plaintiff fourteen days from that date within which to file a "response addressed to the reasonableness of the fees sought." (Doc. No. 152, at 16.)

In response, the plaintiff filed the first Motion for Reconsideration (Doc. No. 154), seeking reconsideration of the court's determination that the defendants were the prevailing parties in this litigation and, as such, entitled to a fee award under both the Copyright Act and the Lanham Act. The plaintiff also objected to the court's giving the Hurst defendants additional time to support their Motion for Attorney's Fees. In an Order entered on March 22, 2021, the court declined to reconsider either of those decisions but did not expressly grant or deny the plaintiff's motion. (Doc. No. 155.) The court also noted that it had not yet actually ruled on the Hurst defendants' Motion for Attorney's Fees and that the plaintiff would have another opportunity to file a response in opposition to the amount of fees sought, once the Hurst defendants' attorney filed his fee affidavit and billing records. (*Id.*)

Counsel for the Hurst defendants has now complied with Local Rule 54.01(c). He has submitted a Declaration, to which is attached his firm's billing record for this case. (Doc. Nos. 153-1, 153-2.) In his Declaration, the attorney provides a history of his experience in the practice

of law and attests that his time in this matter "was billed at [his] hourly rate of one thousand dollars ($1,000.00) per hour." (Doc. No. 153-1 ¶ 5.) He also states that it is his "understanding and belief that this rate is consistent with the rates charged in this community for similar legal services." (*Id.*)

In response, the plaintiff filed his Rule 60(b)(2) Motion. (Doc. No. 157.) The court construes this motion as again seeking reconsideration of the court's determination that the Hurst defendants are prevailing parties. In support of this motion, the plaintiff argues generally that he should not have to "pay for [the Hurst defendants' attorney's] plagiarized, unsupported, confusing, premature, or otherwise inappropriate motions." (*Id.* at 6.) Regarding "plagiarism," the plaintiff presents "newly-discovered evidence of plagiarism by Defendants which is so prejudicial the Court should set aside its fee judgment." (Doc. No. 157, at 1.) His Declaration and the attachments thereto show that a substantial amount of the language incorporated in a Motion for Rule 11 Sanctions prepared by counsel for the Hurst defendants was copied from a Rule 11 motion filed in an unrelated case in the United States District Court for the Southern District of Florida, *Zuccarini v. Network Solutions, LLC*, No. 11-14052-CV (S.D. Fla. May 17, 2011). (*Compare* Doc. No. 156-1 *with* Doc. No. 156-2; *see also* Doc. No. 157, at 1–3 (plaintiff's comparison chart).) To be clear, however, the Hurst defendants' Motion for Rule 11 Sanctions was apparently prepared and served upon the plaintiff, but it was never filed with the court. The plaintiff nonetheless claims (but has not shown) that the court "believed and incorporated into its Opinion" the defendants' allegations. (Doc. No. 157, at 1.) He also asserts that the Hurst defendants and the Graves defendants have continued to use terminology from *Zuccarini* in other submissions to this court, including in the Hurst defendants' fee motion.

In addition, the plaintiff objects to the court's finding that his conduct caused delays in the progression of this case, arguing that many of the delays were due to the defendants' conduct rather

than his. As an example of unnecessary delay and inappropriate motions, he specifically references a Motion to Dismiss filed by the Hurst defendants that the magistrate judge denied summarily on August 28, 2017, without prejudice to refiling, on the basis that it was "neither a true Rule 12(b)(6) motion nor a true Rule 56 summary judgment motion." (Doc. No. 20, at 1.) The plaintiff also points to "problems" with a third Motion to Dismiss filed by the Hurst defendants on July 10, 2020, which was subsequently withdrawn as filed in error (Doc. Nos. 134, 135), and to a chiding the Hurst defendants received from the magistrate judge in an Order entered on August 27, 2020 for not ensuring service of their filings by mail upon the *pro se* plaintiff (*see* Doc. No. 141).

The plaintiff objects to the hourly rate charged by counsel as excessive, particularly since, according to the plaintiff based on unidentified "online sources," counsel's license to practice law in two other states has been administratively revoked or administratively suspended.

Finally, in the plaintiff's verified Supplemental Objections, the plaintiff also states that he could not pay fees if ordered to do so, that his gross income is currently less than $1,500 per month, that he has plans to return to school full time, and that he is largely dependent upon his domestic partner for his basic needs. (Doc. No. 150, at 11–12.) He asserts that he would be forced to declare bankruptcy if ordered to pay fees. (*Id.* at 12.)

## II.    DISCUSSION

Some of the plaintiff's arguments are well taken. While the plaintiff's "plagiarism" claim is immaterial, since the Rule 11 Motion for Sanctions was never actually filed,[1] the court finds that the plaintiff should not be charged for the preparation of that motion, or for the Motion to Dismiss

---

[1] The court does not condone the lifting of language verbatim from other sources without crediting them. At the same time, counsel's borrowing from another source likely saved time and, thus, money. And the fact that the language was borrowed does not necessarily mean it was not equally applicable to the factual circumstances of this case.

that was summarily denied. Regarding the other motions referenced by the plaintiff, the court notes that the attorney's billing record does not reflect an entry for any motion to dismiss in July 2020 and, in fact, does not reference any charges for the entirety of 2019[2] or 2020. (Doc. No. 153-2.)

On the whole, however, the court adopts the findings set forth in the March 8, 2021 Order to find that an award of fees under the Copyright Act is appropriate in this case (*see* Doc. No. 152, at 5–10) and that it is appropriate to award fees to the Hurst defendants (*id.* at 12).[3] Accordingly, the court must arrive at a reasonable amount of fees to award. *Bldg. Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1400 (6th Cir. 1995); *see also* 17 U.S.C. § 505 (authorizing an award of "reasonable" attorney's fees to the prevailing party).

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). This two-step calculation, known as the "lodestar" amount, provides an "initial estimate of the value of a lawyer's services." *Id.* However, "[t]he product of reasonable hours times a reasonable rate does not end the inquiry." *Id.* at 434. After determining the lodestar amount, the court may adjust the fee upward or downward "to reflect relevant considerations peculiar to the subject litigation." *Adcock–Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000). However, "trial courts need not, and should not, become green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 838 (2011). "The essential goal in shifting fees is to do rough justice, not to achieve auditing perfection." *Id.* Therefore, "trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Id.*

---

[2] While significant litigation occurred during 2019, the Hurst defendants largely joined in filings submitted by the Graves defendants. (*See, e.g.*, Doc. No. 128.)

[3] The plaintiff did not assert Lanham Act claims against the Hurst defendants.

As stated above, the Hurst defendants' motion is supported by the Declaration of Barry Shrum (Doc. No. 153-1), to which is attached the attorney's itemized billing record reflecting the attorney's activity, the date of the activity, a "category" into which the activity falls (*e.g.*, research, correspondence, meeting, etc.), the number of hours expended on that activity, and the associated fee (Doc. No. 153-2). Shrum attests that he graduated from law school in 1992 and has practiced law in the areas of copyright, trademark, and entertainment law since that time. He asserts that his billing rate of $1,000 per hour is "consistent with the prevailing rates charged in this community for similar legal services." (Doc. No. 153-1 ¶ 5.) The total number of hours expended by Shrum for which he billed[4] is 17.4, and the total amount of fees sought is $17,400.

In light of the trajectory of this case and the fact that it was in active litigation from May 2017 through mid-2020, the court finds that the number of hours actually billed for this matter by counsel for the Hurst defendants is extraordinarily low, indicating both that the attorney was markedly efficient and that he relied to a large extent upon the filings made by counsel for the Graves defendants. Nonetheless, as indicated above, the court will deduct 2.8 hours from that total, reflecting the amount of time expended on the Hurst defendants' first Motion to Dismiss and the preparation of the unfiled sanctions motion, which yields a total of 14.6 hours.

While the number of billed hours was very low, a rate of $1,000 per hour is not consistent with the hourly rate billed for similar work in this community. In particular, lead counsel for the Graves defendants, who also practices in the community and whose experience level is comparable to that of Shrum, attested that an hourly rate of $300 is reasonable and consistent with the prevailing rates charged in this community by lawyers of comparable experience for similar legal

---

[4] The billing record reflects numerous activities—primarily the review of court filings and some client correspondence—that were not billed.

services. (Doc. No. 148 ¶¶ 5–7.) The Graves defendants sought and were awarded fees based on that hourly rate. However, given the Hurst defendants' attorney's remarkable efficiency and the relatively minimal number of hours he billed in this matter, the court finds that an hourly rate of $400 is reasonable, rather than $300.

Multiplying 14.6 hours times $400 per hour yields a total fee of $5,840. In the exercise of its discretion, to reflect the plaintiff's *pro se* status and demonstrated inability to pay the full amount of fees sought, the court will reduce this total by approximately 10%, for a total fee award of $5,250.

III.   **CONCLUSION AND ORDER**

The plaintiff's first Motion for Reconsideration and Rule 60(b)(2) Motion (Doc. Nos. 154, 157) are **DENIED**, insofar as they seek reconsideration of the court's previous determination that the Hurst defendants are a prevailing party in this litigation and, as such, entitled to attorney's fees under the Copyright Act.

The Hurst defendants' Motion for Attorney's Fees (Doc. No. 145) is **GRANTED IN PART AND DENIED IN PART**. The court finds that a fee award is warranted, but the amount sought, $17,400, is not reasonable under the circumstances presented. The court awards a reasonable fee in the amount of $5,250.

It is so **ORDERED**.

ALETA A. TRAUGER
United States District Judge