IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JACK VICTOR MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:17-cv-0791 |
| | ) Judge Aleta A. Trauger |
| KENNETH "KENNY" HURST, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM and ORDER**

Before the court is plaintiff Jack Miller's Second Emergency Motion to Stay Pending Appeal Under Rule 62(b) and Motion for Temporary Stay (Doc. No. 167), in which the plaintiff seeks a stay of execution of the attorney's fee judgment against him, pending the appeal of that judgment. He also requests a waiver of the requirement under Rule 62(b) of the Federal Rules of Civil Procedure that he post a bond or other security. At a minimum, he requests an "immediate temporary stay" while the court considers this motion. (Doc. No. 167, at 1.) In the alternative, he requests a sixty-day stay of enforcement in order to give him time to obtain a bond. (*Id.* at 5.) Upon being directed to do so, defendants Nita Miller Graves, Tedd Graves, and Lovingood Publishing Company (collectively, the "Graves defendants") have filed a Response. (Doc. No. 170.) The plaintiff filed a Reply. (Doc. No. 171.)[1]

For the reasons set forth herein the court will grant the motion in part.

---

[1] The plaintiff indicates that he is in the process of settling with the remaining defendants, who do not appear to have taken any action to enforce the attorney's fee judgment in their favor.

## I. STANDARD OF REVIEW

Federal Rule of Civil Procedure 62(b), as amended in 2018, provides that, "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security." Rule 62(b) governs the issuance of a stay of enforcement of a money judgment. *Gould Elecs. Inc. v. Livingston Cty. Rd. Comm'n*, No. 17-11130, 2021 WL 1526277, at *3 (E.D. Mich. Apr. 19, 2021). Under this rule, "a party who files a satisfactory supersedeas bond [is entitled] to a stay of money judgment as a matter of right." *Arban v. West Publ'g Corp.*, 345 F.3d 390, 409 (6th Cir. 2003). The 2018 amendment to Rule 62 "makes explicit the opportunity to post security in a form other than a bond." Fed. R. Civ. P. 62(b) advisory committee's note to 2018 amendment.

"Rule 62[] balances the interests of both parties by permitting 'an appellant to obtain a stay to avoid the risk of satisfying the judgment only to find that restitution is impossible after reversal on appeal' and, although the rule deprives the appellee of its right to immediately enforce its valid judgment, the bond provides 'both insurance and compensation to the appellee.'" *Heartland Materials, Inc. v. Warren Paving, Inc.*, No. 5:16-CV-146-TBR, 2019 WL 2426509, at *1 (W.D. Ky. June 10, 2019) (quoting *Buckhorn Inc. v. Orbis Corp.*, No. 3:08-CV-459, 2014 WL 4377811, at *1 (S.D. Ohio Sept. 3, 2014)). However, "the Rule in no way necessarily implies that filing a bond is the only way to obtain a stay. It speaks only to stays granted as a matter of right[;] it does not speak to stays granted by the court in accordance with its discretion." *Arban*, 345 F.3d at 409 (citation omitted); *Frommert v. Conkright*, 639 F. Supp. 2d 305, 313 (W.D.N.Y. 2009) ("The case law is uniform in holding that the district court may, in the appropriate circumstances, waive the requirement that the judgment debtor post a bond to obtain a stay under Rule [62(b)].").

The Sixth Circuit has not defined a specific test to guide the district court's discretion when

considering whether to grant an unsecured stay, other than to indicate that, "where the defendant's ability to pay the judgment is so plain that the cost of the bond would be a waste of money," it is not an abuse of discretion to grant a stay without a bond. *Arban*, 345 F.3d at 409. District courts within the Sixth Circuit have almost uniformly concluded that, in light of Rule 62(b)'s "dual protective role, a full supersedeas bond should almost always be required." *Anderson v. Oak Ridge Sch. Bd. of Educ.*, No. 3:16-CV-235-HBG, 2020 WL 1529315, at *2 (E.D. Tenn. Mar. 30, 2020) (quoting *Heartland Materials*, 2019 WL 2426509, at *1). Waiver of the requirement is appropriate only when the movant is able to demonstrate "extraordinary circumstances." *Id.* If the court "chooses to depart from the usual requirement of a full security supersedeas bond . . . , it should place the burden on the moving party to objectively demonstrate the reasons for such a departure." *Bank v. Byrd*, No. 10-02004, 2012 WL 5384162, at *2 (W.D. Tenn. Nov. 1, 2012) (citation omitted).

Keeping in mind that the purpose of the bond requirement is to protect the prevailing party "from the risk of a later uncollectible judgment and [to] compensate[] him for delay in the entry of the final judgment," *NLRB v. Westphal*, 859 F.2d 818, 819 (9th Cir. 1988), courts elsewhere have held that, "if the judgment debtor's present financial condition is such that the posting of a full bond would impose an undue financial burden, the court similarly is free to exercise [its] discretion to fashion some other arrangement for substitute security through an appropriate restraint on the judgment debtor's financial dealings, which would furnish equal protection to the judgment creditor." *Poplar Grove Planting and Refining Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979)).

## II.     BACKGROUND AND THE PARTIES' ARGUMENTS

This court entered an Order on September 28, 2020 dismissing the plaintiff's claims in their entirety, some with prejudice and some without; judgment was entered on the same day.

(Doc. Nos. 143, 144.) The defendants thereafter filed timely motions for attorney's fees, which the court granted in part, over the plaintiff's objections. The court also denied the plaintiff's motions to reconsider the orders awarding attorney's fees. The plaintiff filed a timely Notice of Appeal, addressed to the attorney's fee awards. Citing Rule 8 of the Federal Rules of Appellate Procedure, the plaintiff now moves to stay the Graves defendants' enforcement of the attorney's fee judgment awarded in their favor.

Miller argues that an unsecured stay pending appeal is warranted, essentially because he is destitute, and posting a bond would impose an "undue financial burden." (Doc. No. 167, at 3.) He requests that the court exercise its discretion to grant an unsecured stay or "fashion some other arrangement for substitute security." (*Id.*) He states that he "can immediately deposit as a form of substitute security up to $5,000 with the Court or in [the Graves defendants' attorney's] trust account pending appeal." (*Id.* at 3–4.) Miller is confident that he will prevail on appeal, but he posits that, even if he does not, a stay of enforcement does not create any additional financial risk to the Graves defendants' ability to enforce the attorney's fee judgment, because he is unable to pay the judgment in full now. "In other words, Miller is not going to be any less able to pay the judgment in full later versus now." (*Id.* at 4.) He also states that the Graves defendants' going forward with attempts to enforce the judgment now will likely result in his filing for bankruptcy protection, which will simply further complicate their collection efforts.

The court understands the plaintiff's primary concern to be that the Graves defendants have already placed a lien on Miller's primary residence in Rutherford County. With regard to the lien, Miller states that, although he is not aware of any foreclosure sale scheduled,

> that does not mean one is not on the calendar. Judgment creditors can foreclose on residential property in Rutherford County with no more than a lien—without notification to anyone (in practice, at least) and without a court order—in 20 days from the date they file the lien.

(Doc. No. 176, at 1 n.2.) In some circumstances, he explains, five days advance notice is required to cancel a foreclosure sale, which has the practical effect of giving judgment debtors in Rutherford County only fifteen days to "cure a lien" before losing their primary residences. (*Id.*)

In their Response, the Graves defendants state that there is "nothing unusual" about the circumstances here and that they have "done nothing more than record the judgment and create a judgment lien on [the plaintiff's] property." (Doc. No. 170, at 2.) They do not dispute the plaintiff's assertion that they would be entitled to force a foreclosure sale, but they "have not taken steps to do so." (*Id.*) Substantively, they argue that the simple fact that the plaintiff is financially insecure, and thus unable to post security or a bond, does not warrant a stay and does not satisfy the requirements of Rule 62(b). They also argue that the plaintiff has not submitted objective proof to substantiate his claim of financial hardship, that the relative merit of his appeal is not a relevant consideration, and that his threat of filing bankruptcy "only further supports Defendants' need for the security and for security at least in the full amount of judgment." (Doc. No. 170, at 6.)

In his Reply, Miller attests under penalty of perjury[2] that his current income is less than $2,000 per month and that his net worth is negative, due to car loans, credit card debt, student loan debt, and mortgage debt. (Doc. No. 171, at 1.) Otherwise, Miller reasserts the same arguments made in his Motion and in his opposition to the attorney's fee motions and raises one new one: that requiring a bond would benefit the defendants "strategically" but violate his due process rights under the Fourteenth Amendment, because it would "serve[] no purpose other than to deny Miller the benefit of a stay based solely on his inability to pay." (Doc. No. 171, at 2.) Finally, Miller proposes another alternative: that the court allow him to make monthly installment payments to

---

[2] His Reply is accompanied by a Declaration attesting under penalty of perjury that the statements in the Reply are true and based on his personal knowledge. (Doc. No. 172.)

the court in the amount of $250 per month, payable on or before the 15th of each month, beginning July 15, 2021, until the judgment is paid in full or reversed on appeal. (*Id.* at 4.)

## III. DISCUSSION

Generally speaking, financial hardship and the threat of bankruptcy, rather than justifying the waiver of the bond requirement, are "the type of injury against which a supersedeas bond is designed to protect—the possibility that a judgment may later be uncollectible." *Dublin Eye Assocs. v. Mass. Mut. Life Ins. Co.*, No. 5:11-128-DCR, 2015 WL 1636160, at *5 (E.D. Ky. April 13, 2015) (quoting *Valley Nat'l Gas, Inc. v. Marihugh*, No. 07-11675, 2008 WL 4601032, at *2 (E.D. Mich. Oct. 14, 2008)). The plaintiff points to no legal support for his claim that enforcement of a judgment implicates his constitutional rights. Moreover, while the plaintiff attests to his financial insecurity, he has not provided objective support for that assertion or indicated how much he owes to other creditors or whether those debts are otherwise secured. Nothing in the record indicates the value of Miller's equity in his house—that is, the difference between the market value of the residence and the mortgage amount still owed.

The plaintiff has not demonstrated the existence of exceptional circumstances that would justify waiver of the bond requirement in its entirety. At the same time, the court recognizes the possibility that this court's attorney's fee judgment could be reversed on appeal, and the threat that the defendants could force a foreclosure sale on the plaintiff's primary residence poses the risk of irreparable injury in the event the plaintiff does succeed on appeal. Moreover, even though the value of that security is not in the court's record, the lien on Miller's residence, standing alone, provides some security for the Graves defendants against the risk of an uncollectible judgment. *Accord Mohr v. MLB Sub I, LLC*, No. 16-00493 ACK-WRP, 2020 WL 3803847, at *1 (D. Haw. July 7, 2020) (granting judgment creditors' motion to stay foreclosure proceedings pending appeal

and allowing "the subject property to act as security under [Rule] 62(b), without any additional bond requirement").

In balancing the defendants' interest in securing the judgment and the plaintiff's risk of irreparable injury, the court will fashion a remedy as set forth below, allowing the plaintiff's equity in his home, on which a lien has already been placed, to serve as security in the amount of that equity but requiring a bond to secure the remainder of the judgment.

## IV. CONCLUSION AND ORDER

The plaintiff's Second Emergency Motion is **GRANTED IN PART AND DENIED IN PART**, as follows:

- The plaintiff's equity in his home, on which the defendants have already placed a lien, **SHALL** serve as security for the Graves defendants' judgment in an amount up to the value of the equity, without any additional bond requirement to secure that amount of the judgment.

- The plaintiff **SHALL** provide documentation to the Graves defendants regarding the value of his equity in his residence within **twenty-one days**.

- The defendants are **ENJOINED** from forcing a foreclosure sale of the plaintiff's residence pending the appeal.

- The plaintiff is **ENJOINED** from taking any action that would diminish the value of the residence, pending the appeal.

- The plaintiff, in order to obtain a stay of enforcement of the remainder of the judgment, **SHALL**, within twenty-one days, post a bond sufficient to secure payment of the difference between the equity in his home and the attorney's fee judgment in favor of the Graves defendants.

- Further efforts to enforce the judgment are **STAYED** for twenty-one days, to allow plaintiff time to secure a bond.

The plaintiff is advised that a list of bonding companies authorized to serve as surety on bonds filed in the Federal Courts may be found at: https://www.fiscal.treasury.gov/surety-bonds/list-certified-companies.html.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge